
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-10288 |
| Plaintiff - Appellee, | D.C. No. 2:12-cr-01666-NVW |
| v. | |
| JUAN JIMENEZ-ALBERTO, a.k.a. Juan Jimenez, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Ronald S.W. Lew, District Judge, Presiding**

Submitted February 18, 2014***

Before: ALARCÓN, O'SCANNLAIN, and FERNANDEZ, Circuit Judges.

Juan Jimenez-Alberto appeals from the district court's judgment and

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\** The Honorable Ronald S.W. Lew, Senior United States District Judge for the Central District of California, sitting by designation.

\*** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

challenges the 57-month sentence imposed following his guilty-plea conviction for reentry of a removed alien, in violation of 8 U.S.C. § 1326. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Jimenez-Alberto contends that the district court procedurally erred by failing to consider the 18 U.S.C. § 3553(a) sentencing factors. We review for plain error, *see United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010), and find none. The record reflects that the district court considered the section 3553(a) factors before imposing the sentence. To the extent Jimenez-Alberto also contends that the district court procedurally erred by failing to explain adequately the sentence, the record does not support this contention.

Jimenez-Alberto further contends that the district court should have granted a cultural assimilation departure and that this error, coupled with the court's failure to consider the section 3553(a) sentencing factors, resulted in an unreasonable sentence. Our review of a district court's exercise of discretion to depart or vary from the Guidelines on the basis of cultural assimilation is limited to determining whether the district court imposed a substantively reasonable sentence. *See United States v. Vasquez-Cruz*, 692 F.3d 1001, 1008 (9th Cir. 2012), *cert. denied*, 134 S. Ct. 76 (2013). The district court did not abuse its discretion in imposing Jimenez-Alberto's sentence. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The

sentence at the bottom of the Guidelines range is substantively reasonable in light of the section 3553(a) sentencing factors and the totality of the circumstances, including Jimenez-Alberto's extensive criminal history.  *See id.*

**AFFIRMED.**

13-10288